BABCOCK ET AL. V. HAMILTON ET AL.

1. **Fraudulent Conveyance:** CASE NOT WARRANTING RELIEF. Upon considering the petition and evidence in this case, *held* that the court was not warranted in setting aside the conveyance in question as being in fraud of subsequent creditors.

2. **Pleading:** WAIVER OF DEFECT: EVIDENCE, A failure to attack a

petition by motion or demurrer may be a waiver of a defect, as a matter of pleading, but it is not a waiver of the proofs necessary to entitle plaintiff to the relief demanded.

*Appeal from Madison District Court.*

WEDNESDAY, OCTOBER 22.

THIS is an action in equity by which the plaintiffs, who are judgment creditors of the defendant, Hamilton, seek to subject to the payment of their judgment certain real estate, the title to which is in the defendant, Ralston, upon the ground that the said real estate was conveyed by Hamilton to Ralston in fraud of the creditors of said Hamilton. There was a decree in the court below for the plaintiff. Defendants appeal.

*V. Wainwright*, for appellant.

*J. S. McCaughan*, for appellee.

ROTHROCK, CH. J.—The judgment against the defendant, Hamilton, was rendered on the twenty-second day of April, 1878. The conveyance which it is sought to impeach was executed on the twentieth day of February, 1878. It does not appear from the averments of the petition, nor from the evidence in the case, that Nancy Hamilton was indebted to the plaintiffs when the conveyance was made. And the record does not present a case which would authorize a decree setting aside the conveyance at the instance of subsequent creditors.

It is claimed by counsel for appellee that, as the petition was not attacked by motion or demurrer, all objection thereto must be deemed to have been waived. This may be true as a question of pleading, but a failure to make such objection was no waiver of the proofs necessary to establish the cause of action. Under the allegations of the petition, and in view of the other evidence in the case, it was absolutely essential

that the plaintiffs should prove that they were creditors of the defendant, Hamilton, at the time the conveyance was made, and without such proof they were not entitled to a decree.

REVERSED.